# United States Court of Appeals
# for the Fifth Circuit

———

No. 20-11239
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2022

Lyle W. Cayce
Clerk

In the Matter of William Paul Burch

*Debtor*,

William Paul Burch,

*Appellant*,

*versus*

Homeward Residential, Incorporated,

*Appellee*.

———

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-1226

———

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

———

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-11239

William Paul Burch moves to proceed in forma pauperis (IFP) in his appeal from the district court's without-prejudice dismissal of a final judgment of the bankruptcy court for the Northern District of Texas. Burch's request to supplement his IFP motion is granted.

To proceed IFP, a litigant must be economically eligible, and his appeal must not be frivolous. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). If the appeal is frivolous, this court will dismiss it. *See* 28 U.S.C. § 1915(e)(2)(B)(i); 5TH CIR. R. 42.2.

In a motion in this matter, which this court denied, Burch requested a remand, asserting that, due to a favorable change in his financial situation, he could now pay the filing fee for his bankruptcy appeal. Even before Burch's concession regarding his improved financial situation, we held Burch was not financially eligible to proceed IFP on appeal. *See Burch v. Freedom Mortg. Corp.* (*Matter of Burch*), 835 F. App'x 741, 749 (5th Cir.), *cert. denied*, 142 S. Ct. 253 (2021), *rehearing denied*, No. 21-5069, 2021 WL 5763451 (U.S. Dec. 6, 2021). Further, Burch's conclusional assertions of error, without cogent argument, effectively fail to identify any error in the dismissal of his bankruptcy appeal for failing to pay the filing fee, and he has not he has not shown a nonfrivolous issue on appeal. *See Carson*, 689 F.2d at 586. Accordingly, the motion to proceed IFP is denied, and the appeal is dismissed as frivolous. *See* § 1915(e)(2)(B)(i); 5TH CIR. R. 42.2.

In prior instances, we have issued sanction warnings and directed Burch to review his pending appeals and withdraw any that were frivolous. *See, e.g., Burch v. Freedom Mortg. Corp.*, 850 F. App'x 292, 294 (5th Cir. 2021); *Matter of Burch*, 835 F. App'x at 749. Because Burch failed to heed our warnings, we previously imposed monetary sanctions. *Burch v. Select Portfolio Servicing, Inc.* (*Matter of Burch*), No. 20-11171, 2022 WL 212836, *1 (5th Cir. Jan. 24, 2022) (unpublished) ($250 sanction); *Burch v. America's*

No. 20-11239

*Servicing Company (Matter of Burch)*, No. 20-11074, 2021 WL 5286563, *1 (5th Cir. Nov. 12, 2021) (unpublished) ($100 sanction).

Burch, who has paid the above-mentioned monetary sanctions, has repeatedly ignored our admonitions, and we conclude that an additional monetary sanction is warranted. Burch is hereby ordered to pay $500.00 to the clerk of this court. The clerk of this court and the clerks of all courts subject to the jurisdiction of this court are directed to return to Burch unfiled any submissions he should make until the sanction imposed in this matter is paid in full.

We again warn Burch that additional frivolous or abusive filings in this court, the district court, or the bankruptcy court will result in the imposition of further sanctions. Burch is once again admonished to review any pending appeals and to withdraw any that are frivolous.

MOTION TO SUPPLEMENT GRANTED; IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED; ADDITIONAL SANCTION WARNING ISSUED.